GRIMES, Judge.
This is an appeal from a judgment of $15,146.20 determined to be owed as the result of an accounting.
Appellant (Lowe) and appellee (Scott) became tenants in common in certain rental property as a result of Scott having acquired a one-half interest from Lowe’s husband before his death. Lowe collected the rentals and paid the expenses arising from the property. When Scott did not receive any money from Lowe, he filed suit for partition and an accounting. He obtained the appointment of a receiver, pending disposition of the suit. Upon final hearing the court determined that Lowe owed Scott $15,146.20.
In the final judgment the court found that Scott was entitled to one half the income from the property beginning on January 1, 1982, less one half the expenses incurred against the property after that date. The record fully supports this finding because Scott testified he had agreed that Lowe could collect the rentals prior to 1982 and keep whatever money was left after the payment of expenses applicable to the property. He stated that beginning in 1982, he was to receive one half the net income from the property. The court further found that Lowe could not set off against post-1981 income the repayment of loans allegedly made to pay expenses of the property before 1982. This was a proper conclusion because in view of the agreement of the parties, Scott should not be saddled with expenses that were incurred prior to the date on which he was entitled to share in the income.
Given these findings, we are unable to ascertain how the court arrived at the figure of $15,146.20 as being the sum owed by Lowe to Scott. Scott argues that an integral part of the court's calculation was the determination that Lowe owed him $14,150, representing one half of the rentals of $28,-300 which were reflected in Lowe’s accounting. However, the accounting shows that of these rentals, $17,350 was collected in 1981. Likewise, we cannot discern which of the post-1981 payments the court determined to be improper setoffs.
*262 Accordingly, we affirm the court’s findings concerning the methodology of the accounting, but we reverse the judgment and remand the case for a recalculation of the appropriate amount owing to Scott.
CAMPBELL and LEHAN, JJ., concur.